Beals *v.* Beals.

## BEALS *v.* BEALS.

DEMURRER TO PART OF PARAGRAPH.—A demurrer to a part of a paragraph is not authorized by the code.

MOTION TO STRIKE OUT.—In determining a motion to strike out a part of a single sentence in a pleading, the whole sentence must be considered.

WEIGHT OF EVIDENCE.—The Supreme Court will not reverse a judgment because a mere preponderance of the evidence seems to be against it.

SURPRISE.—NEW TRIAL.—Surprise, occasioned by a correct ruling of the court upon a question of law, is no ground for a new trial.

APPEAL from the *Hamilton* Common Pleas.

GREGORY, J.—The case in judgment is here for the second time. 20 Ind. 163. It is urged that this court erred in its previous rulings. We have carefully considered the questions involved, and think the exposition given of the law correct. A demurrer cannot be filed to a part of a paragraph of an answer; but regarding the demurrer as a motion to strike out, the entire sentence must be considered in determining the propriety of sustaining it. A motion cannot be made to strike out a part of a single sentence. In this light, the part of the paragraph demurred to went to the consideration of the note.

It is urged that the evidence does not sustain the finding of the jury. We have considered the testimony, and while we are free to say that, in our opinion, the verdict is against the weight of evidence, there is testimony from which the jury could fairly come to the conclusion they did, and, under the rulings of this court, we cannot disturb the finding.

It is claimed that the court erred in overruling the motion for a new trial, on the ground of surprise. The plaintiff's attorney filed his affidavit that he was taken by surprise on the trial, by the refusal of the court to allow the plaintiff's depositions to go to the jury in their retirement. We think the surprise is not of the kind to entitle the appellant to a new trial. Parties and their attorneys are presumed to

know the law, and if they do not, and they should be sur-
prised by a correct ruling, it would be a hard rule that
the other party should be prejudiced thereby.

The instructions of the court are objected to, as a whole,
as not applicable to the case. The instructions are correct,
under the previous rulings of this court in the case in judg-
ment, and we think there was evidence tending to sustain
the defense set up.

The judgment is affirmed, with costs, and one per cent.
damages.

*J. Smith*, for appellant.

*M. M. Ray, J. W. Gordon* and *W. March*, for appellee.