[No. 1467. Decided January 10, 1895.]

## SARAH A. SPINNING, *Appellant v.* H. F. ALLEN ET AL., *Respondents.*

HUSBAND AND WIFE—CONTRACT OF GUARANTY BY HUSBAND—LIABILITY OF COMMUNITY PROPERTY.

A guaranty by a husband, who is a stockholder in a corporation, of the payment of goods to be furnished the corporation, being merely a contract of suretyship, creates a separate, and not a community, debt.

Levy of execution upon community realty under a judgment against the husband upon a contract of suretyship may be enjoined at the suit of the wife.

*Appeal from Superior Court, Pierce County.*

*Taylor & McKay*, for appellant.

*Sharpstein & Blattner*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—Frank R. Spinning, the husband of the plaintiff, was a stockholder in the Hastie Lumber Company, a corporation organized and doing business in this state.  On June 13, 1892, he delivered to one N. M. Singleton the following instrument:

"*Messrs. Allen & Lewis,*
    "*Portland, Org.*

"DEAR SIRS :—The bearer, N. M. Singleton, visits Portland for the purpose of purchasing supplies for the Hastie Lumber Company of Puyallup, Washington.  I will guarantee the payment of goods sold to them until further notice.

"Please keep me advised of the amount of goods sold to them, and oblige,  Yours truly,    FRANK R. SPINNING."

Thereafter Allen & Lewis sold to the Hastie Lumber Company goods to the amount of $1,000, and the company failing to pay therefor, suit was brought against said Frank R. Spinning on his guaranty, and he suffered judgment to go against him by default.  An execution was issued thereon and levied upon a certain tract of land which was the community property of the plaintiff and her husband ; and this action was brought to enjoin the sale.  Judgment was rendered against the plaintiff and this appeal was taken.

The conclusion at which we have arrived with reference to two of the questions involved decides the case in favor of the plaintiff, and it is unnecessary to pass upon others which are raised.  The first one is as to the character of the debt.  The plaintiff contends that said Frank R. Spinning was simply a surety of the Hastie Lumber Company and therefore the debt contracted must be considered as his separate debt ; while the respondents contend that the community should be held upon the said guaranty, and that said debt should not be considered as a separate debt of said Frank R.

Spinning, on the ground that he was a stockholder in said corporation. We are of the opinion that said debt must be considered as the separate debt of Frank R. Spinning, notwithstanding the fact that he was such a stockholder, as the corporation was really a third and independent party. There was no individual liability upon the part of said Frank R. Spinning for any debt incurred by the corporation, and the pledge of his individual credit in guaranteeing the debt of the corporation as aforesaid was the assumption of a new, independent and additional liability for and in the interests of such third party.

The contract being one of suretyship, of course the judgment stands upon the same footing, and the further question is presented as to whether community real estate can be held on a judgment obtained upon a contract of suretyship entered into by the husband. We have held that debts contracted by the husband in carrying on a business which is prosecuted in the interests of the community are community debts, on the ground that as the community receives the benefits of such a business it should be held liable for the losses. But we have never held the community real estate liable for a suretyship debt. The Code (Gen. Stat., § 1413) expressly provides that neither spouse shall be liable for the separate debts of the other. When the community is not liable for a debt contracted by the husband concerning his separate property, for which he receives a consideration, how can it be said that the community should be held for a debt contracted where there was no consideration received or implied, moving to either the husband separately or to the community, as in the case of a suretyship where the consideration moves, and is intended to move, entirely to a third party? Certainly there can be no presumption in any way that the community is or could be benefited by the husband's becoming a surety. There would be much more reason in holding the community where the husband contracts a separate debt for which he receives a consideration, for indirectly the wife or the community might receive some benefit therefrom. But the statute aforesaid shuts off any such

liability. It would be going a step beyond this to hold the community responsible on a suretyship debt contracted by the husband.

Reversed.

DUNBAR, C. J., and ANDERS, J., concur.

HOYT, J. (*dissenting*).—I think that the debt was created in the interest of the community and for that reason am compelled to dissent.

STILES, J., concurs with HOYT, J.