[No. 1807.  Decided July 1, 1895.]

MARY COOK, *Respondent*, v. H. L. TIBBALS, SR., *Defendant*, JOSEPHINE I. PAGE, *Appellant*.

APPEAL — INSUFFICIENT BOND — SUFFICIENCY OF EXCEPTIONS — CREDITOR'S BILL.

Objections to the sufficiency of an appeal bond must be submitted to the lower court, and unless raised there will not be entertained in the supreme court.

A general exception to the findings of fact made by the trial court is insufficient to secure a review on appeal.

In an action to set aside a conveyance of certain lands as being in fraud of creditors, an allegation in the complaint setting forth that plaintiff had obtained judgment and issued execution against the defendant, that "the said execution had been returned by the sheriff wholly unsatisfied and that the defendant has no other property out of which the plaintiff could make said judgment," is sufficient to render the complaint proof against demurrer on the ground that it fails to show by distinct averment that the debtor had no other property at the time the conveyance was made.

*Appeal from Superior Court, Jefferson County.*

*Robert W. Jennings,* for appellant :

On the point that the complaint in such an action must distinctly aver that at the time of conveyance defendant did not have sufficient other property to satisfy his debts, counsel cites *Wagner v. Law,* 3 Wash. 500 (28 Am. St. Rep. 56); *Windhaus v. Bootz,* 92 Cal. 617; *Inhabitants of Hingham v. Inhabitants of South Scituate,* 7 Gray, 232; *Chandler v. Aqueduct,* 122 Mass. 307; *Windstandly v. Stipp,* 132 Ind. 548; *Bright v. Bright,* 132 Ind. 56; *Petree v. Brotherton,* 32 N. E. 300; *Keller v. Whitledge,* 38 Ill. App. 310; *Beaman v. Cooper,* 23 Atl. 794; *Bittinger v. Kasten,* 111 Ill. 260; *Payne v. Freer,* 4 N. Y. Supp. 644.

*Trumbull & Trumbull,* for respondent:

The appellant contends that the complaint ought to have contained an allegation that the property described was all the property owned by defendant Tibbals. We submit that, while those identical words do not appear, the allegation of the complaint that after the indebtedness had accrued the defendant was the owner of a large amount of property; that he conveyed it to the appellant without consideration; that said conveyances were made with intent to hinder, delay and defraud the creditors of Tibbals, and that within a year and a half from the time the last conveyance was made an execution was returned *nulla bona,* and that he had no other property out of which the judgment could be made, sufficiently shows that it was all the property he had, and that he was insolvent. *O'Leary v. Duvall,* 10 Wash. 666; *Zabriskie v. Smith,* 13 N. Y. 322 (64 Am. Dec. 531). This bill alleges that the debtor began largely in debt and ended in insolvency; this was sufficient to cast upon the defendants the burden of proving any fact which may exist to justify as against creditors the voluntary conveyances. *Platt v. Mead,* 9 Fed. 91; *Seitz v. Mitchell,* 4 Otto, 580; *Page v. Grant,* 9 Or. 116; *Yankey v. Sweeney,* 2 S. W. 559; *Driggs v. Norwood,* 50 Ark. 42; *Marston v. Dresen,* 45 N. W. 110; *Mulock v. Wilson,* 35 Pac. 532; *Dunham v. Cox,* 10 N. J. Eq. 437; *Randolph v. Daly,* 16 N. J. Eq. 317. The fact as to whether or not, after the conveyances, Tibbals had sufficient property left to pay all his debts is a matter of evidence upon the issues properly formed by the general allegations of the complaint that the conveyances were fraudulent as respected this plaintiff. *Rounds v. Green,* 29 Minn. 139; *Fuller v. Brown,* 28 N. Y. Supp. 189; *Kain v. Larkin,* 141 N. Y. 144; *Citizens' National*

*Bank v. Hodges*, 30 N. Y. Supp. 445; *Riley v. Carter*, 76 Md. 581 (35 Am. St. Rep. 443). Insolvency at the time of the judgment raises a presumption of insolvency at the time of the gift. Bump; Fraud. Conv., 283; *Carlisle v. Rich*, 8 N. H. 44; *Strong v. Lawrence*, 58 Iowa, 60. In a voluntary conveyance the onus of establishing a fraudulent intent is avoided; the grantee is not a purchaser in good faith. Wait, Fraud. Conv., § 208; *Lee v. Figg*, 37 Cal. 328 (99 Am. Dec. 271); Bump, Fraud. Conv., 276; *Ellinger v. Crowl*, 17 Md. 361; 2 Pomeroy, Eq. Jur., § 972, and notes.

The opinion of the court was delivered by

DUNBAR, J.—The respondent moves to dismiss the appeal in this case on the ground that the bond on appeal is insufficient in form and substance, ineffectual and void, in that the principal in said bond has failed to execute the same. The bond in this case is executed by R. W. Jennings, as attorney for the appellant. It is contended by the respondent that this is not such a bond as is contemplated by the statute. Our statute is not such a statute as prevailed in states in which many of the cases cited by respondent existed, for it provides that a bond may be made on behalf of the appellant with two or more sureties; so that it is not actually necessary that the appellant should sign the bond at all. However, we are inclined to think that there must be a bond and a proper bond given on behalf of the appellant, which was probably not done in this case, for this bond purports to be the bond of the appellant and not a bond executed in her behalf. But the statute provides that all questions of this kind, viz., questions as to the sufficiency of the bond, must be submitted to the lower court, and

as the bond was not moved against in that court, the motion will not be entertained here.

It is also urged by the respondent that no proper exceptions were taken to the statement of facts in this case, and an examination of the record shows this contention to be correct.    After the announcement by the court of the findings of fact, the record entry is: "To all of which the defendant Page excepts, which exceptions are allowed."    This exception is too general to constitute the exception provided for by the law, and has been so held by this court in *Rice v. Stevens*, 9 Wash. 298 (37 Pac. 440); and it has been the uniform holding of this court since in so many cases that it is not worth while to discuss them here.

This disposes, then, of the statement of facts in the case, and leaves only the question of the sufficiency of the pleadings.  A demurrer was interposed to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.  This was an action to set aside a certain conveyance as being in fraud of creditors, and it is claimed by the appellant that the conveyance cannot be impeached as fraudulent unless it be shown by distinct averment in the complaint that the debtor had no other property at the time the conveyance was made.  It is, no doubt, true as a general proposition that to allege that the conveyance was made for the purpose of defrauding creditors, while at the same time the debtor had other property out of which the creditor could make his debt, would be an inconsistent statement; and it is also true that it is no concern of the creditor what the object was which actuated the sale, if sufficient property was left to the vendor to satisfy any judgments which the creditor would rightfully obtain against

him; and unless it affirmatively appears that such is not the case, we think with the appellant that the complaint would not be sufficient.  But it seems to us that the allegations of the complaint that "the said execution has been returned by the sheriff wholly unsatisfied," and that "the defendant H. L. Tibbals, sr., has no other property out of which the plaintiff could make her said judgment, are averments which are amply sufficient to sustain the complaint, so far as the particular objection pointed out by the brief of the appellant is concerned.

The statement of facts, then, not being considered, and the pleadings, as we deem them, being sufficient, the judgment of the lower court will be affirmed.

HOYT, C. J., and SCOTT and GORDON, JJ., concur.

ANDERS, J. (*concurring*).—I concur in the affirmance of the judgment on the merits, but, in my opinion, the appeal should have been dismissed because no bond was filed either by or on behalf of the appellant. This court has held, on several occasions, that the question as to the sufficiency of the affidavit of the sureties on appeal bonds should be raised in the court below, but I do not think we ought to go so far as to hold that an appeal should be retained and considered where it does not appear that any bond was executed by or on behalf of the appellant, as required by the statute, especially as the statute provides for a dismissal on that ground.