[No. 2217.  Decided October 9, 1896.]

# JULIUS HORTON et ux., *Respondents*, v. THE DONOHOE KELLY BANKING COMPANY et al., *Appellants*.

APPEAL BOND — SUFFICIENCY OF — COMMUNITY PROPERTY — LIABILITY , FOR SURETYSHIP DEBTS — LEVY ON HUSBAND'S INTEREST FOR COMMUNITY DEBT.

An appeal will not be dismissed for the reason that the affidavit of the surety in the appeal bond fails to state that such surety is worth the required amount over and above all debts and liabilities as required by the statute.

The property of the community is liable for an obligation of suretyship incurred by the husband in behalf of a corporation in which he is an officer and stock holder, in order to protect the property and business of the corporation, when, under all the circumstances of his relations with the corporation, it is to be presumed that he was acting for the community, and that any benefits which might have grown out of his connection with such corporation would have belonged to the community.

Where community property stands in the name of the husband, a levy upon all of his interest in the property, upon a judgment which could be enforced against the community, would authorize a sale of the property standing in his name for the benefit of the community. (SCOTT, J., dissents).

Appeal from Superior Court, King County.— Hon. J. W. LANGLEY, Judge.  Reversed.

*Bausman, Kelleher & Emory*, for appellants.
*John G. Barnes*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—Respondents move to dismiss the appeal for the reason that the affidavit of the surety in the appeal bond does not state that such surety is worth the required amount over and above all debts and liabilities, as required by the statute.

It was held in the case of *McEachern v. Brackett*, 8

Wash. 652 (36 Pac. 690), that defects of this kind were not such as would justify the dismissal of the appeal, and such ruling was affirmed in the cases of *Warburton v. Ralph*, 9 Wash. 537 (38 Pac. 140), and *Cook v. Tibbals*, 12 Wash. 207 (40 Pac. 935); and while, in the case of *Northern Counties Investment Trust v. Hender*, 12 Wash. 559 (41 Pac. 913), it was held that an appeal bond to which no affidavit of the surety was attached was insufficient, and that by reason of such insufficiency the appeal should be dismissed, the opinion in that case shows that it was not the intention of the court to in any manner overrule the cases above cited. On the contrary it affirmatively appears therefrom that it was because the majority of the court thought that this case could be distinguished from those that the appeal was dismissed, notwithstanding the fact that such majority was satisfied with what had been theretofore held upon the subject. It follows that this court in four or more cases has announced the rule that defects like the one in the bond under consideration furnish no sufficient reason for the dismissal of an appeal, and such must be taken to be the settled rule of this court, and thereunder the motion to dismiss must be denied.

Stripped of technicalities, the real question presented for our decision upon this appeal is as to whether or not the consideration moving to a corporation of which the husband is an officer and stockholder under such circumstances that his relations as such are in connection with the business of the community, composed of himself and wife, will authorize the enforcement of a liability incurred by him as surety for such corporation against the property of such community. That the benefit to the corporation would furnish a sufficient consideration to the husband, so that the contract could be enforced against

him, is conceded, but it is strenuously contended that the liability thus incurred is not that of the community and cannot be enforced against the community property; and *Spinning v. Allen*, 10 Wash. 570 (39 Pac. 151), is cited to sustain the contention.

In that case the husband was really but a nominal stockholder. The stock had been given to him and was his separate property, and the case should be viewed in that light, although the opinion there rendered fails to state this and it was not published in a statement of facts. In the case at bar a different question is presented. Here the surety had a substantial interest in the corporation, which he held for the benefit of the community. Hence, when he saw fit to incur liability as a surety for its benefit, it will not be presumed that it was from pure friendship to the corporation, but rather for the purpose of protecting his interest therein. Hence the liability incurred was in the course of business, and this business did not relate to his own separate estate but to property rights belonging to the community. If to aid the corporation in which he was thus interested he had performed services and such services had resulted in a benefit to the corporation, such benefit would have inured to the community and not to the husband alone. This being so, the converse must be true, and a liability incurred for the benefit of the corporation should be enforcible against the property of the community.

As said in this court in the case of *Oregon Improvement Co. v. Sagmeister*, 4 Wash. 710 (30 Pac. 1058), it will not do to hold that the community occupies such a relation to the business done by the husband that it is entitled to reap all of the benefits thereof without at

26—15 WASH.

the same time holding that it is subject to all its liabilities. Under the allegations of the answer in the case at bar, to which the superior court sustained a demurrer, it must be presumed that the husband in all his relations with the corporation was acting for the community, and that any benefits which might have grown out of his connection with such corporation would have belonged to the community. It must further be presumed that when he incurred the liability as surety for such corporation he did it as a matter of business to protect the property and business of such corporation. It must follow that in all he did in the matter he bound the community.

It is claimed that even if the community property was liable, the form of the levy made by the sheriff was insufficient, and the case of *Stockand v. Bartlett*, 4 Wash. 730 (31 Pac. 24), is cited to sustain the claim. What was held in that case was that the husband had no such separate interest in the community property that it could be reached upon an execution for a debt which could not be enforced against the community. But no such question is raised by the form of the levy in this case. The property presumably stood in the name of the husband, and a levy upon all of his interest in the property upon a judgment which could be enforced against the community would authorize a sale of the property standing in his name for the benefit of the community. But whether or not this is so, the decree from which the appeal was prosecuted enjoined the enforcement of the judgment against the community property, and, under the law which we have found to govern the case, was unauthorized. It will, therefore, be reversed and the cause remanded with instructions to overrule the demurrer to the answer.

HOYT, C. J., and DUNBAR, J., concur.

SCOTT, J.—I concur in all that is said except as to the manner of enforcing the judgment.

### ON PETITION FOR RE-HEARING.

*Per Curiam.*—The respondents' petition for rehearing in this case is so discourteous and unprofessional that we deem it unfit for consideration. It will therefore be stricken from the files of the court.