[No. 2582.  Decided December 21, 1897.]

THOMAS N. ALLEN, *Trustee, Respondent*, v. A. H. CHAM-
BERS *et al., Appellants.*

APPEAL—INSUFFICIENCY OF COMPLAINT—WHEN IMMATERIAL—COM-
MUNITY DEBTS—JUDGMENTS—NEW TRIAL—SURPRISE.

The fact that the complaint in an action to set aside a trans-
fer as fraudulent shows that defendant has sufficient other prop-
erty to satisfy the demand against him is an immaterial error,
when the court finds that the transfer was not fraudulent.

A judgment creditor has a right to have it judicially appear
that his judgment is a community debt, although it may be true
that community property is *prima facie* liable for a debt contract-
ed by the husband.

Where a litigant prepares his evidence in view of an existing
decision of the supreme court, which is overruled subsequent to
the trial of his action, he is entitled to a new trial on the ground
of surprise, where the change announced in the law would have
a material bearing upon his remedial rights.

Appeal from Superior Court, Thurston County.—Hon.
T. M. REED, Jr., Judge.  Reversed.

*John P. Judson*, and *John C. Kleber*, for appellants.

*T. N. Allen*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—Respondent herein instituted an action in
the superior court of Thurston county against appellants A.
H. Chambers and Robert Frost, and other parties, to re-
cover the amount due on a promissory note for $8,000 exe-
cuted by the Olympia Light and Power Company to the
said defendants, and by them indorsed to the plaintiff. The
defendants set up in their answer as a defense, among other
things, that the money for which the note was given was
borrowed and used by the Light and Power Company, and
that the defendants were mere sureties upon the note.  A

trial was had and on October 8, 1894, judgment was rendered in favor of the plaintiff for the sum of $8,222.22 and costs, but the court made an order staying the issuance of execution thereon until after the plaintiff had recovered judgment against the Olympia Light and Power Company, and levied upon and exhausted its property. The plaintiff appealed from that judgment, and this court remanded the cause to the superior court with direction to enter an unrestricted judgment against the defendants. See *Allen v. Chambers*, 13 Wash. 327 (43 Pac. 57). This judgment became a lien upon the real estate of the defendants therein, in Thurston county, from the date of its rendition. During the pendency of the appeal the appellants herein, A. H. Chambers and wife, and Robert Frost and wife, conveyed certain real estate described in the complaint in this action to one David J. Chambers, who died before the commencement of this action, after having disposed of said property by will to certain persons who are defendants in this case. Execution was issued on the judgment and returned " no property found," and the plaintiff and respondent thereafter instituted this action against appellants A. H. Chambers and wife and Robert Frost and wife, and the personal representatives and devisees of David J. Chambers, deceased, for the purpose of obtaining a judgment and decree declaring his judgment a lien upon the real estate of said Chambers and wife and Frost and wife, or, failing in that, of having the said conveyances to David J. Chambers set aside and the property therein mentioned subjected to sale in satisfaction of his judgment. The complaint alleged, in substance, for a first cause of action, the recovery of the judgment by plaintiff in the superior court against A. H. Chambers and Robert Frost and the other defendants, and that the same has not been paid, and is in full force and effect; that said judgment is a lien upon certain communi-

ty property owned by said Chambers and Robert Frost; that said money was loaned on the faith and credit of the community property of said husbands and wives, and particularly the lots and lands described in the complaint; that said money was borrowed by said defendants Chambers and Frost and was used for, and in the interest of, said communities; and that said debt was, and is, a community debt.

For a second cause of action the complaint alleged, in addition to the averments already set forth, that execution was issued on the judgment and returned by the sheriff, in substance, "no property found;" that the property described in the complaint was mortgaged to an amount equal to its value; that the communities composed of A. H. Chambers and wife and Robert Frost and wife, were insolvent, and that the said conveyances to David J. Chambers were without consideration and were made and received for the purpose of hindering, delaying and defrauding the creditors of said grantors, including plaintiff. Appellants A. H. Chambers and wife and Robert Frost and wife admitted in their answer that the property described in the complaint was their community property, but denied that the judgment sued on was a community debt, or that it was a lien upon their community property, or that they, or either of the defendants, borrowed the money mentioned in the complaint from the plaintiff. The executors of the will of David J. Chambers alleged affirmatively in their separate answer that the defendants A. H. Chambers and Robert Frost were sureties for the Olympia Light and Power Company, on the note upon which the original action was based, and that the money for which the note was given was borrowed and used by said company, and that they were induced to write their names upon the back of said note by the representation of the plaintiff, who was

their attorney, that they would thereby become liable as sureties only, and that the property mentioned in the complaint as having been conveyed to David. J. Chambers was sold and conveyed in good faith, for a valuable consideration, and without notice on the part of said David J. Chambers of plaintiff's alleged lien. Upon the trial defendant and appellant A. H. Chambers testified that the community composed of himself and wife owned unincumbered real estate in Thurston county of the value of $12,000; and the plaintiff and respondent thereupon asked, and was permitted, to amend his complaint to conform to this proof. The cause having been submitted on the pleadings and evidence, the court, after making and filing its findings of fact and conclusions of law, adjudged that defendants A. H. Chambers and Mary A. Chambers, his wife, and Robert Frost, and Mary L. Frost, his wife, were indebted to the respondent in the amount due upon the judgment and that said judgment bore interest at the rate of ten per cent. per annum from and after its date, that plaintiff's said judgment was a lien upon the property described in the complaint prior in time and superior to any right, title or interest of the remaining defendants in and to the same, and that said property, or so much thereof as may be necessary to pay and satisfy said judgment and costs, be sold by the sheriff of Thurston county.

Appellants excepted to the fifth and sixth findings of fact made by the trial court, which were to the effect that the origin of plaintiff's demand was a loan of $8,000 made by him on the first day of June, 1893, to George D. Shannon, A. H. Chambers, E. T. Young, Robert Frost and Alexander Farquhar on a note of that date and amount, executed by the Olympia Light and Power Company to said Shannon, Chambers, Frost, Young and Farquhar, and indorsed by them to the plaintiff; that said money was bor-

rowed for, and was used by, the Olympia Light and Power Company in the regular course of its business; that said indorsers were the directors and officers of said company, and were each of them large stockholders therein; that said money was borrowed and used in the interest of the communities composed of said A. H. Chambers and wife and said Robert Frost and wife; and that no other payments than those mentioned in the foregoing findings have been made on said debt. Defendants also excepted to each and every of the conclusions of law based upon the court's findings of fact, and to the rulings of the court in refusing to find the facts as requested by them. And they now insist, (1) that the findings excepted to are not sustained by the evidence, and (2) that the conclusions of law are not warranted by the findings of fact. But in our opinion neither of these objections is tenable. Nor do we think the court erred in refusing to make the findings requested by appellants, for the reason that, in so far as said findings were not in accordance with the findings made by the court, they were either contrary to the evidence or, in point of law, immaterial. It is contended by the learned counsel for appellants that the complaint, as amended on the trial, failed to state sufficient facts to entitle plaintiff to the relief demanded, and, in support of this contention, it is argued that it appeared from the amended complaint that there was sufficient property owned by appellants, Chambers and wife, to satisfy the respondent's debt, and that under the ruling of this court in *Wagner v. Law*, 3 Wash. 500 (28 Am. St. Rep. 56, 28 Pac. 1109), it affirmatively appeared that the conveyances to David J. Chambers were neither fraudulent nor void, as to the respondent, or any other creditor of appellants. But, conceding that to be true, the question has become immaterial for the reason that the court below found that said conveyances were not

fraudulent and void, but were made and received in good faith, and the respondent, who is the only party who could be aggrieved thereby, has interposed no exception to such finding. As to the first alleged cause of action, it is insisted by appellants that, if it be true as alleged therein by respondent that the debt represented by his judgment is a community debt, and that the property described in the complaint is community property, he is entitled to no relief because such debt would be enforcible against the property without any action or proceeding against appellants. But, while it is true that community property is *prima facie* liable for a debt contracted by the husband, still, under the ruling of this court in *McDonough v. Craig*, 10 Wash. 239 (38 Pac. 1034), the respondent had a right to have it judicially appear that his judgment was a community debt. The reason upon which the ruling of the court was founded is fully set forth in the opinion, and need not be re-stated here.

After this cause was submitted to the court for its determination, and before its findings and conclusions were filed, appellants moved the court to re-open the case, and for leave to submit evidence upon the question as to whether the plaintiff's judgment was a community debt or the separate debt of A. H. Chambers and Robert Frost. The court denied this motion and the appellants excepted. After the judgment of the court was rendered and filed, appellants made a motion for a new trial, upon the statutory ground, among others, of surprise which ordinary prudence could not have guarded against. The court also denied this motion and an exception was taken by appellants. The action of the court in denying these motions is assigned as error, and the assignment presents the only serious question for determination upon this appeal. Both these motions are supported by the affidavits of counsel for appellants,

which affidavits state that affiants prepared their answers and conducted the trial upon the law as announced in the case of *Spinning v. Allen,* 10 Wash. 570 (39 Pac. 151), and that under the doctrine of that case it was immaterial whether the debt sued on was a community debt or the separate debt of Mr. Chambers and Mr. Frost, and that they neglected to introduce testimony showing the status of the debt because of their reliance upon the law announced in the case above mentioned. It is stated in these affidavits that after the cause had been under consideration by the superior court for some time this court announced its opinion in the case of *Horton v. Donohoe Kelly Banking Co.,* 15 Wash. 399 (46 Pac. 409), which case overruled the *Spinning case* above mentioned, and that the court determined the liability of appellants upon the authority of the *Horton case* aforesaid. These facts constitute the surprise alleged by appellants and which they now rely on as a ground for a new trial. It is contended upon the part of respondent that the character of the motions now under consideration discloses the fact that they were made in bad faith; but after a careful examination of the affidavits of counsel we are compelled to conclude that the learned respondent is mistaken in that regard. The law recognizes motions for new trials on the ground of accident and surprise, and, under the circumstances, appellants could not legally have made an application for the relief desired under any other character of motion than that made by them. The question is, then, whether the facts stated in the affidavits show surprise on the part of appellants, in contemplation of the statute (Code Proc., § 400, Bal. Code, § 5071). It is insisted by the respondent that, if appellants were surprised at all, it was with regard to a mere matter of law, which is never held to constitute the surprise contemplated by the statute. That the surprise intended by

the legislature must relate to a matter of fact, and not of law, is shown by the following authorities, as well as many others that might be cited: *Fuller v. Hutchings*, 10 Cal. 526 (70 Am. Dec. 746); *Morgan v. Houston*, 25 Vt. 570; *Handy v. Davis*, 38 N. H. 414; *Craig v. Fanning*, 6 How. Pr. 336; *Anderson v. Market National Bank*, 66 How. Pr. 8; *Beals v. Beals*, 27 Ind. 77; Elliott, Appellate Procedure, § 852.

Assuming, then, the law to be as stated in the foregoing authorities, does the surprise alleged in this instance relate to a mere misapprehension of the law, according to those authorities? The appellants claim that they had a right on the trial of the case to rely upon the law as previously announced by this court in relation to the status of a debt contracted by a husband by becoming a guarantor or surety for a corporation in which he is an officer and stockholder. We think that appellants, in determining what would be necessary proof on their part at the trial of this cause had a right to reply upon the ruling of the court in the case of *Spinning v. Allen, supra,* and to believe that the community property mentioned in the complaint and the evidence would, in no event, be liable for appellants' indebtedness to the respondents; and, that being so, it follows that appellants may well be said to have been surprised by the decision of the court, which was, though in harmony with the *Horton case* (and therefore correct), apparently directly opposed to the former ruling of this court in the *Spinning case,* when viewed in the light of the facts as stated in that opinion. Upon the facts stated in that case, and the decision therein, appellants might reasonably have assumed that, upon the testimony adduced at the trial, the judgment would be in their favor. They can not be blamed for not knowing that the corporation stock owned by Spinning was his separate property, for that did not appear

until it was announced in the opinion of this court in *Hor-Horton v. Donohoe Banking Company, supra.* There was no error, in our judgment, in the refusal of the court below to permit the answer to be amended, for the plain reason that, under the issues as made by the pleadings, the evidence sought to be introduced was clearly admissible without such amendment. But we are of the opinion that the court should have granted a new trial in this case as for surprise. The appellants would clearly have had a right to show, if they could, that the stock held by A. H. Chambers and Robert Frost was their separate and individual property, and, that being so, the respondent could not be injured by such a showing, in contemplation of law.

That appellants are entitled to a new trial upon the ground of surprise under such circumstances as appear in this case is shown by the case of *Starkweather v. Loomis,* 2 Vt. 573. That was an action of debt on a judgment rendered by a justice of the peace in the state of New Hampshire. Defendant in the action pleaded *nil debet,* expecting to impeach the judgment in accordance with a decision of the supreme court, which held that such a judgment was a foreign one, and could be impeached and did not preclude a defendant from going into the merits of his case. The judgment was produced, properly certified by the justice, and was admitted in evidence by the court. The defendant, relying upon the former ruling of the supreme court, then offered to show that plaintiff had no cause of action against him, which offer was refused by the court on the ground that he should have introduced this evidence before the justice of the peace, in the state of New Hampshire. Exception was taken to the ruling by the defendant and the cause was taken to the supreme court, where the judgment was affirmed because the decision relied on had been overruled, but the judgment of affirmance was not entered, and the

defendant was given leave to file a motion for a new trial on the ground of surprise. The court concluded that, upon the affidavits filed by the defendant, a case of surprise was properly made out, as the defendant had a clear right to rely upon the decision of the supreme court as to the admissibility of the evidence offered, and had no reason to believe that the ruling relied on would be changed by a subsequent decision. We think the decision in that case was right, and that the same principle fully accords with the spirit of our code and should be applied in this case. See *Hull v. Vining*, 17 Wash. 352 (49 Pac. 537).

The cause will therefore be remanded for a new trial, on the terms that appellants pay all costs accrued up to the time of filing their motion for a new trial, and that they do not recover the same back in case the action should eventually terminate in their favor.

It may not be improper, however, to state in conclusion that, under the circumstances appearing in this case, it will be incumbent upon appellants, in order to recover in this action, to prove by clear and satisfactory evidence that the stock held by A. H. Chambers and Robert Frost in the Light and Power Company is their separate property, and that the money borrowed from the respondent was not used for community purposes.

Reversed and remanded for a new trial in accordance with this opinion.

Scott, C. J., and Reavis, J., concur.

Dunbar, J., dissents.

Gordon, J., not sitting.