[No. 2895.  Decided September 23, 1898.]

H. O. Shuey, *as Receiver of the Seattle Savings Bank, Respondent,* v. H. E. Holmes *et ux., Appellants.*

RECEIVERS — ACTION BY — DEFENSES — BILLS AND NOTES —ACCOMMODA-
TION PAPER — LIABILITY OF COMMUNITY.

An action by the receiver of a bank will, in the absence of any allegation of the insolvency or indebtedness of the bank, be treated as though it was brought directly by the bank, as under Code Proc. § 326 (Bal. Code, § 5456), a receiver may be appointed for other purposes than the winding up of an insolvent concern; consequently, any defense good against the bank would be good against the receiver.

One who executes an accommodation note to a bank for the par value of shares of stock of the bank, which had come into the possession of the bank and could not be legally held by it, is not liable on such note to the bank.

A note executed by a husband, and delivered solely as an accommodation to the bank to which it is made payable, is not valid as against the community, where it was not executed in behalf of the community, and neither husband nor wife had any interest in the bank at the time.

Appeal from Superior Court, King County,—Hon. E. D. Benson, Judge. Reversed.

*Struve, Allen, Hughes & McMicken,* for appellants.

*Clise & King,* for respondent:

The acceptance and holding of a certificate of shares in a corporation makes the holder liable to the responsibilities of a shareholder. *Upton v. Tribilock,* 91 U .S. 45 (23 L. ed. 203); *Brigham v. Mead,* 10 Allen, 245; *Buffalo, etc., R. R. Co. v. Dudley,* 14 N. Y. 336; *Seymour v. Sturgess,* 26 N. Y. 134; *Baines v. Babcock,* 95 Cal. 581 (29 Am. St. Rep. 158). Where a person has been drawn into a contract to take shares of stock in consequence of certain representations, he must proceed with diligence, and while

it is a going concern, to ascertain the truth or falsehood of such representations, in order to entitle him to a rescission of the contract. Thompson, Corporations, §§ 1438, 1440; *Upton v. Tribilock,* 91 U. S. 45 (23 L. ed. 203); *Cedar Rapids Ins. Co. v. Butler,* 83 Iowa, 124.

The opinion of the court was delivered by

SCOTT, C. J.—This action was brought against the defendants, husband and wife, to recover upon a promissory note executed by the defendant H. E. Holmes to the Seattle Savings Bank, alleged to have been given in payment of thirty shares of the capital stock of said bank. Several affirmative defenses were pleaded, to which the plaintiff demurred. The demurrers were sustained, and, the defendants electing to stand on their answer, judgment was rendered for the plaintiff, and this appeal was taken.

The first defense pleaded will be passed, as it is, in effect, included in the second. It is alleged, in substance, that there was a want of consideration for the execution of the note; and, furthermore, that at the time of its execution the bank, then being engaged in business, represented to defendant H. E. Holmes that it had come into possession of a number of shares, including the shares in question, of its own capital stock; that it was contrary to law for it to hold said stock, and it was necessary that the same should be formally issued, and desired said defendant to take said thirty shares of stock temporarily, and give his note to the bank therefor at par value, until said stock could be sold to and paid for by actual purchasers; and that thereupon said defendant, as an accommodation to said bank, executed and delivered the note in question, and took the stock accordingly.

The character of the receivership does not appear in the pleadings. It is not alleged in the complaint that the bank was insolvent nor that it owed any debts, and the

action must be viewed as though it had been brought by the bank; and the cases of *Horton v. Donohoe-Kelly Banking Co.,* 15 Wash. 399 (46 Pac. 409), and *Barto v. Nix,* 15 Wash. 563 (46 Pac. 1033), consequently have no application.

Under § 326, 2 Hill's Code (Bal. Code, § 5456), a receiver may be appointed for other purposes than for the winding up of an insolvent concern, and there can be no presumption that it was insolvent. Therefore, as between the bank and the defendants, a complete defense to the action was alleged in the foregoing.

The third affirmative defense alleges, in substance, that no assessment had ever been made against the defendants, or the capital stock, etc. We view this as immaterial at this time, in consequence of its not appearing that the bank was insolvent or indebted.

In the fourth defense it was alleged that the note was executed and delivered solely as an accommodation to the bank, and was not executed for the benefit of the community existing between defendants as husband and wife or on behalf of the community, and this constituted a good defense as against the community; it not appearing that the defendants, or either of them, were in any wise interested in the bank at or prior to that time. It follows that the judgment must be reversed, and the case remanded for further proceedings.

Anders, Reavis and Gordon, JJ., concur.