[No. 3431. Decided February 24, 1900.]

H. O. SHUEY, *as Receiver of Seattle Savings Bank, Respondent,* v. H. E. HOLMES *et ux., Appellants.*

CORPORATIONS—SUBSCRIPTION TO STOCK—ACCOMMODATION NOTE—
    LIABILITY OF MAKER.

In an action by the receiver of an insolvent bank to enforce payment of a note given for shares of stock, against a defendant who was a director and trustee of the bank from its organization, it is no defense thereto for the maker of the note to set up that it was done merely for accommodation to the bank, until the

bank could dispose of them to some purchaser, for the reason that the bank could not carry the stock in its own name, and that by agreement between the maker and the bank's officers he was not to be held liable thereon.

SAME—INSOLVENCY—ACTION BY RECEIVER—DEFENSES.

In an action by the receiver of an insolvent bank to collect a note given in payment of a subscription to its capital stock, it is no defense to set up that no assessment has been made upon the capital stock by the bank or its receiver, or by any court, or that there had been no determination of the amount of corporate indebtedness.

COMMUNITY PROPERTY—LIABILITY UPON ACCOMMODATION NOTE.

The property of the community is liable upon a note executed by the husband merely as an accommodation to a bank in which he is a director and for the purpose of promoting the interests of the bank and protecting its property and business, when it is to be presumed that any benefits growing out of his connection with the bank will inure to the community.

Appeal from Superior Court, King County. — Hon. E. D. Benson, Judge. Affirmed.

*Struve, Allen, Hughes & McMicken,* for appellants.
*Clise & King,* for respondent.

The opinion of the court was delivered by

Gordon, C. J.—This is a second appeal. For a statement of the case, see *Shuey v. Holmes,* 20 Wash. 13 (54 Pac. 540). Subsequent to the reversal of the former judgment, the plaintiff, by leave of the court, amended his complaint to meet the objections pointed out in the former opinion. As amended, his complaint shows that the bank of which he is the receiver was at the time of his appointment, and ever since has been, an insolvent corporation; that the appointment of a receiver was necessary to secure justice to the creditors of the bank; that the note sued upon was given in payment of thirty shares of the capital stock of the bank; that the maker was one of the incorporators

of the bank and ever since its incorporation has been a stockholder and trustee thereof.    Several affirmative defenses were interposed, to which demurrers were sustained, and the sufficiency of the defenses, as pleaded, presents the only question arising upon this appeal.

The first affirmative defense is substantially the same as was contained in the original answer as affirmative defense number two, and the character of it is disclosed and set forth in the original opinion.    *Shuey v. Holmes, supra.* It was held on the former appeal that the facts therein stated constituted a good defense as between the bank and the defendant.    In the former complaint in this action the complaint did not allege the insolvency of the bank, nor did it show that the defendant was one of the directors of the bank, both of which facts are shown in the present complaint.    As against the creditors of the insolvent bank, who were represented by the plaintiff in the present action, the defense must be regarded as insufficient, and the case, as presented upon the present appeal, falls within that of *Barto v. Nix,* 15 Wash. 563 (46 Pac. 1033), wherein it was said:

" A director is an officer of the bank, and it is through the board composed of himself and his associates that its business is transacted.    To hold that one of these can make a note to the bank and have. it taken up as a part of its assets and afterwards, when such note is sought to be enforced against him in the interest of the creditors of the bank, set up a secret agreement which nullifies the note, would be contrary not only to all legal rules but to every principle of justice."

To hold otherwise would be to open the door to frauds of the grossest character.    To uphold a secret agreement of the character here set up, as against creditors, would be a dangerous innovation.    The defendant in this case was a director and trustee of this bank from its organization, and during all of that time this note was treated as a part

of the assets of the bank, and interest payments were made upon it. It ought not to require argument or citations of authority to demonstrate the insufficiency of this so-called defense.

In the second affirmative defense it is alleged that no assessment has ever been made upon the capital stock, or upon any of the capital stock, of the bank either by the officers of the bank or by the receiver, or by any court having jurisdiction prior to the commencement of this action, and that the amount of corporate indebtedness of said bank has never been determined. The demurrer was properly sustained to this defense. The note in suit was part of the assets of this insolvent corporation, and it became the duty of the plaintiff to collect it. To sustain the contention of the defendant would be to enable him to occupy a more favorable position than if he had originally paid in the amount of his stock subscription. As contemplated by the law, his duty is to pay for his stock, and, after the corporate debts are discharged, he may share with the other stockholders similarly situated in a division of the remaining assets. *McKay v. Elwood.* 12 Wash. 579 (41 Pac. 919); 1 Hill's Code, § 1511.

The plaintiff in the present action has joined the wife of the maker as a party defendant, and asks that the judgment be declared to be as for a community debt and satisfied out of the separate property of the maker, or out of the property of the community, consisting of the husband and wife. The defense to this demand is that the note sued on was executed as an accommodation to the bank, and not for the benefit of the community. The demurrer was properly sustained, upon the authority of *Horton v. Donohoe-Kelly Banking Co.,* 15 Wash. 399 (46 Pac. 409), and the ruling is in accord with what was said upon this branch of the case in our former opinion. *Shuey v.*

*Holmes, supra.*    The demurrers to the affirmative defenses were properly sustained.

The judgment must be affirmed.

DUNBAR, FULLERTON and REAVIS, JJ., concur.