[No. 3351. Decided March 30, 1900.]

T. N. ALLEN, *Trustee, Respondent,* v. A. H. CHAMBERS
*et al., Appellants.*

COMMUNITY PROPERTY—LIABILITY FOR SURETYSHIP DEBTS.

Where a husband who is a stockholder in a corporation signs
a note of the corporation as a surety, the property of the com-
munity is liable, if his corporate stock was community property.

Appeal from Superior Court, Thurston County.—Hon.
OLIVER V. LINN, Judge. Affirmed.

*John P. Judson, John C. Kleber* and *A. P. Fitch,* for
appellants.

*T. N. Allen* and *Haight & Owings,* for respondent.

PER CURIAM.—This cause has been here before and is
reported in 18th Wash. 341 (51 Pac. 478). It was then
reversed and remanded for the reason that in the trial
below appellants had relied upon the law as announced in
the case of *Spinning v. Allen,* 10 Wash. 570 (39 Pac. 151),
and failed to introduce testimony that the shares of stock
owned by A. H. Chambers and Robert Frost were not com-
munity stock; and that the subsequent case of *Horton. v.
Donohoe-Kelly Banking Co.,* 15 Wash. 399 (46 Pac. 409),
modified the *Spinning Case,* and explained that the shares
of stock involved in the *Spinning Case* were in fact the
separate property of the husband, and therefore the liabil-
ity incurred as surety was not for the benefit of the com-
munity. It was observed in remanding that, "under the
circumstances appearing in this case, it will be incumbent
upon appellants, in order to recover in this action, to prove
by clear and satisfactory evidence that the stock held by
A. H. Chambers and Robert Frost in the Light and Power
Company is their separate property, and that the money

borrowed from the respondent was not used for community purposes." Upon the retrial, testimony was introduced by appellants as to the nature of the shares of stock owned by Messrs. Chambers and Frost. The superior court found that at least a number of the shares of stock in the Olympia Light & Power Company held by Mr. Chambers were community property, and the same conclusion was reached with reference to the shares of stock held by Mr. Frost. A careful examination of all the testimony upon this issue sustains the conclusion of the superior court. The proceeds of the separate funds of Mr. Chambers are not traced clearly into the shares of stock held by him. There was a portion of the stock, for which something like $1,000 was paid, which was not shown to be separate funds, and the presumption of the statute would prevail and make it community property. And it does not appear clearly that this stock, costing about $1,000, and coming presumptively from community funds, was included in the division of community stock at one time made by Mr. Chambers and wife.

The judgment is affirmed.