[No. 5773. Decided November 10, 1905.]

ERIC FLODING *et al.,* *Respondents,* v. J. A. DENHOLM, *as Sheriff of Pierce County, Appellant.*[1]

APPEAL—STATEMENT OF FACTS—TIME FOR SETTLEMENT. As Bal. Code, § 5058, fixes no time within which a statement of facts must be settled or notice of settlement given, the appellant may do so within a reasonable time, and the statement will not be struck out because not settled at the time of the service of briefs.

HUSBAND AND WIFE—COMMUNITY REAL PROPERTY—LIABILITY FOR SURETYSHIP OBLIGATION OF HUSBAND. The community real property is liable upon a suretyship obligation entered into by the husband alone for the benefit of the community personalty, by the giving of an appeal bond upon an appeal from a judgment against a corporation in which he had invested community property as a stockholder, although such investment was made against the protests of the wife (HADLEY and FULLERTON, JJ., dissenting).

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered February 24, 1905, after a hearing on the merits before the court without a jury, enjoining the sheriff of Pierce county from selling community property under a judgment against the husband on appeal and supersedeas bonds. Reversed.

*James J. Anderson* and *H. P. Burdick,* for appellant.

*A. R. Titlow,* for respondents.

MOUNT, C. J.—In the year 1903 three several judgments were obtained in the superior court of Pierce county, against the Washington Match Company, a corporation. The corporation appealed from each of these judgments to this court. A supersedeas bond on appeal was given in each of the cases. Eric Floding, one of the respondents herein, was a surety on each of said supersedeas bonds. All of said judgments were afterwards affirmed by this court, and judgments were rendered against the Washington Match Company and the sure-

[1] Reported in 82 Pac. 738.

ties on the appeal and supersedeas bonds. Thereafter executions were issued, and levies made upon lots 1 to 11, inclusive, in block 26, second amended plat of Hosmer's addition to Tacoma. These lots were advertised for sale by the sheriff of Pierce county, when this action was brought to restrain the said sale. Upon the trial of the case it appeared, that Eric Floding was a stockholder in the Washington Match Company at the time he became surety upon the supersedeas bond above mentioned; that he owned one thousand shares of the stock of said corporation, for which he had paid $1,000, from community funds of himself and wife; that this stock was purchased against the will of his wife; and that the corporation, at the time of the trial, was insolvent. After hearing the evidence, the trial court rendered a decree enjoining the sheriff from selling the property to satisfy the judgments against Eric Floding. From this decree the sheriff prosecutes this appeal.

Respondents move to strike the statement of facts and dismiss the appeal upon several grounds, all of which are based upon the fact that the appellant's opening brief was served and filed before the statement of facts was settled and certified by the trial court. The condition of the record is as follows: The decree appealed from was rendered on February 23, 1905. It was entered on the next day. Notice of appeal was served on February 27, 1905, and the appeal bond was filed on the same day. The proposed statement of facts was filed and served on March 18, 1905. Within time thereafter, respondents served and filed proposed amendments to the proposed statement of facts. The transcript was filed in the superior court and certified on May 22, 1905. The appellant's opening brief was served upon respondents on June 28, 1905. At this time the proposed statement of facts had not been settled or certified by the trial court. On July 25, 1905, before the statement of facts had been settled, respondents served and filed their answer brief, which contained motions to dismiss because the statement

of facts had not at that time been settled or certified, and no notice to settle the same had been given. Thereafter, on July 15, 1905, appellant gave notice to respondents that he would apply to the trial court on the 19th day of July, 1905, to settle and certify the statement of facts. On July 19th the settlement of the statement of facts was continued until the 25th of the same month, and respondents were served with notice thereof. On the 25th of July, 1905, the court settled the proposed statement of facts and incorporated therein all the amendments proposed by respondents.

It will be readily seen that the only imperfection in the record was the failure of the appellant to notice the proposed statement of facts for settlement prior to the time of filing his opening brief. The statute, Bal. Code, § 5058, fixes no time within which a proposed statement of facts must be settled and certified, or within which notice of the settlement must be given. *Dodds v. Gregson*, 35 Wash. 402, 77 Pac. 791. It simply provides that, after amendments have been proposed to the statement, "either party may then serve upon the other a written notice that he will apply to the judge of the court before whom the case is pending or was tried, . . . to settle and certify the bill or statement." The burden is, no doubt, upon the appellant to perfect his statement of facts, and he must act within a reasonable time or be held to have abandoned his appeal. In this case all the steps except the notice to settle the proposed statement were taken promptly and within time, indicating that there was no abandonment, or intention on the part of the appellant to abandon the appeal. Under these circumstances we think we should not dismiss the appeal. The motion is therefore denied.

Upon the merits of the case there is but one question, viz., is community real estate liable for a surety debt, contracted by the husband for the benefit of a corporation in which he is a stockholder, and where such stock is community property

30—40 WASH.

cf himself and wife? This question is no longer an open one in this state. This court has repeatedly held that the community property is liable for a community debt (*Oregon Improvement Co. v. Sagmeister,* 4 Wash. 710, 30 Pac. 1058, 19 L. R. A. 233), and that the community property is liable for an obligation of suretyship, incurred by the husband in behalf of a corporation in which he is a stockholder, when the stock belongs to the community. *Horton v. Donohoe-Kelly Banking Co.,* 15 Wash. 399, 46 Pac. 409, 47 Pac. 435; *McKee v. Whitworth,* 15 Wash. 536, 46 Pac. 1045; *Allen v. Chambers,* 18 Wash. 341, 51 Pac. 478; *Allen v. Chambers,* 22 Wash. 304, 60 Pac. 1128; *Shuey v. Holmes,* 22 Wash. 193, 60 Pac. 402; *Shuey v. Adair,* 24 Wash. 378, 64 Pac. 536.

The case of *Brotton v. Langert,* 1 Wash. 73, 23 Pac. 688, relied upon by respondent, is readily distinguished from the case at bar by reason of the fact that the liability of the husband in that case arose on account of a trespass, and it was held, for that reason, that the community property was not liable in cases of that kind, or in cases where the debt was not created for the benefit of the community, or was a separate debt of the husband. *Shuey v. Holmes,* 20 Wash. 13, 54 Pac. 540.

The case of *Spinning v. Allen,* 10 Wash. 570, 39 Pac. 151, in so far as it is applicable to the case at bar, was substantially overruled in the later cases above cited, particularly in *Horton v. Donohoe-Kelly Banking Co.,* and *Allen v. Chambers.* So that the rule now is that community property is liable for a debt created by the husband for the benefit of the community. But such property is not liable for a debt created by a tort of either spouse, or one which is not for the benefit of the community. The fact that the wife was opposed to the purchase of the stock, or that the corporation was insolvent at the time of the levy of the execution upon the property, would not change the liability of the community property to respond to the debt of the community.

The judgment appealed from is therefore reversed, and the cause remanded, with instructions to the lower court to deny the restraining order as to the property hereinbefore described.

DUNBAR, RUDKIN, and CROW, JJ., concur.

FULLERTON, J., dissents.

HADLEY, J. (dissenting) — I dissent, particularly on the ground that the wife did not consent to the purchase of the stock, but expressly opposed it. She did not assent to the community ownership of the purchased stock. The majority opinion holds that the community real estate is liable, on the theory that the husband's surety obligation was for the benefit of the community in protecting the stock, the ownership of which the wife had refused to assume. Such holding, in effect, permits the community real estate to become incumbered without the wife's consent, and against her express protest. While it is true that in this state the wife is practically helpless, so far as dominion over the community personal property is concerned, yet her interest in the community real estate is protected by statute and may not be incumbered without her consent. The husband should not, therefore, be permitted, without the wife's consent, to manipulate the community personal property so as to result in incumbering the real estate. If it be said that such a rule would interfere with commercial and business transactions in that it would permit the wife to urge lack of consent to the prejudice of good faith creditors, the answer is that the consent need not necessarily be expressly given, but may be implied from acquiescence, circumstances, and a course of conduct.