[No. 3585.  Decided March 30, 1901.]

H. O. SHUEY, as *Receiver, Appellant,* v. GEORGE B. ADAIR *et ux., Respondents.*

BANKS — INSOLVENCY — SUPERADDED LIABILITY OF STOCKHOLDERS — HOW DETERMINED.

There being no provision in the constitution or statutes for the method of determining the superadded liability imposed by art. 12, § 11, of the constitution upon stockholders in banking corporations, the method of its enforcement is necessarily left to be determined by the courts.

SAME — COLLATERAL ATTACK.

Where a receiver has been appointed by the court to take charge of an insolvent banking corporation, the court has jurisdiction, in an application by the receiver, to make an order fixing the total amount of the superadded liability to be imposed upon the stockholders, and it is within the discretion of the court to find the amount of the deficiency in the assets to meet the claims of creditors before the actual application of the assets to the satisfaction of such claims, and such an order is binding on the stockholders, as against collateral attack, in so far as it determines the amount which may be charged to them as a whole.

SAME — ACTION AGAINST STOCKHOLDERS — DEFENSES.

When the court charged with the administration of the estate of an insolvent banking corporation has made an order fixing the superadded liability of the stockholders, it has authority to direct the receiver to proceed against the stockholders to enforce the *pro rata* share of each, and in such action any stockholder may set up any defense personal to himself.

SAME — COMMUNITY LIABILITY.

Where a subscription by the husband to the capital stock of a banking corporation was for the benefit of the community, the superadded liability imposed on stockholders in cases of insolvency is one which may be enforced against community property.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Reversed.

*Clise & King,* for appellant.

*McCutcheon & Gilliam,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—This is an action brought by the appellant, as receiver of the Seattle Savings Bank, an insolvent banking corporation, against the respondents, as stockholders therein, to recover upon their liability created by the constitution and statutes to answer for the debts of the corporation. On the trial, at the conclusion of the appellant's case, the court granted a motion for non-suit, and entered a judgment dismissing the action. The facts appearing in the record are substantially these: The Seattle Savings Bank was incorporated under the laws of the state of Washington as a banking corporation in 1891, commencing business as such on July 9th of that year. It continued as a going concern until January 11, 1897, at which time, in an action brought in the superior court of King county, it was adjudged insolvent, and the appellant was appointed its receiver. On the 5th day of April, 1898, the receiver filed a petition in the superior court praying that the court ascertain and determine the amount of the liabilities of the bank, the amount and value of the assets of the bank then in the hands of the receiver and remaining undisposed of, the amount required in addition thereto to pay the liabilities in full, and to assess the

stockholders upon their statutory and constitutional liability in such sum as would make up the deficiency. The court fixed the 7th day of June, 1898, as the time for hearing the petition, and directed that notice thereof be personally served on each of the stockholders residing within the state, upon the non-resident stockholders by mail, and that a copy thereof be published for six consecutive weeks in a daily paper of the city of Seattle. On the hearing upon the petition, the court found from the proof submitted that notice of the hearing had been served personally upon each of the stockholders except three only, none of whom are the respondents here. He further found the amount of the liabilities of the bank, the amount of cash and property in the hands of the receiver, and the amount necessary to be levied to make up the difference between the liabilities and the assets, which equalled forty-eight per cent. of the par value of the capital stock. The court thereupon "ordered, adjudged, and decreed that each, all, and every of the stockholders of the Seattle Savings Bank, equally and ratably, and not one for another, be and are hereby assessed on their statutory liability as such stockholders to the amount of forty-eight per cent. of the par value of the capital stock of said bank held by each of the stockholders thereof, respectively, as shown by the books of said Seattle Savings Bank on January 11, 1897," making said assessment payable to the receiver on or before the 15th day of July, 1898, and directing that written notice of the assessment be given to each stockholder by mail. The respondents did not pay the assessment, and leave was afterwards obtained of the court to bring the present action. It further appeared that the stock held by the respondents stood in the name of the respondent, George B. Adair, that he had held the same for only fifty-six of the sixty-six months of the time the

bank was a going concern, and that, if the appellant was entitled to recover at all, he was entitled to recover only fifty-six sixty-sixths of the amount of the assessment. It also appeared that the respondents are husband and wife, and were such at the time the stock was purchased by George B. Adair. The prayer of the complaint was for a judgment against George B. Adair individually, and that the judgment be decreed a lien upon the community property of George B. Adair and wife.

The learned trial judge ruled that, inasmuch as the respondents were assessed for a proportionate share of the whole debt of the bank, regardless of the length of time they had owned stock therein, or of the amount of the debts and liabilities accruing while they were stockholders, the assessment was void, and therefore insufficient to form a basis for a recovery in an action at law. The respondent urges this proposition upon us here, and contends that this court has, in effect, so determined in the cases of *Wilson v. Book,* 13 Wash. 679 (43 Pac. 939), and *Shuey v. Holmes,* 21 Wash. 223 (57 Pac. 818).

The constitutional provision giving rise to the super-added liability of stockholders in a banking corporation is found in § 11, art. 12, of the state constitution, and is in the following language:

"Each stockholder of any banking or insurance corporation or joint stock association shall be individually and personally liable equally and ratably, and not one for another, for all contracts, debts, and engagements of such corporation or association accruing, while they remain such stockholders, to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares."

The statutory enactment on this subject (Ballinger's Code, §4266) follows substantially the language of the constitution above quoted, and does not more particularly de-

fine the nature of the liability nor does it point out a meth-
od for its enforcement, but leaves the procedure, as we have
said on another occasion, to be "determined by the courts."
In *Wilson v. Book, supra,* we held that the liability cre-
ated by this clause of the constitution is secondary, and
could be made available to the creditors of the corpora-
tion only after its primary assets had been exhausted;
that the liability thus created was a trust fund for the
benefit of all the creditors, and could not be reached by
a single creditor in an action brought for his own benefit;
and that, when a receiver of an insolvent corporation had
been appointed, the receiver was the proper party plain-
tiff in any proceeding instituted to enforce the liability.
In *Shuey v. Holmes,* we held that this constitutional pro-
vision made stockholders in a banking corporation liable
only for the corporate indebtedness accruing while they
remained such stockholders; saying in that case:

"This superadded liability of the stockholder which
exists by virtue of the statute and constitution is personal,
and does not follow the stock. The obligation rests on
the stockholder, not on the stock."

The latter action was brought by the receiver, who is
appellant in this action, against another of the stockhold-
ers of the Seattle Savings Bank, to recover upon this same
assessment. It was tried upon an agreed statement of
facts. Judgment went against the receiver below, and
the judgment was affirmed here, because it did not ap-
pear from the record "that the whole or any part of the
indebtedness of the bank was incurred or created at any
time while the respondent was a stockholder of the bank."
In the only other case where this constitutional provision
was directly before this court—the case of *Watterson v.
Masterson,* 15 Wash. 511 (46 Pac. 1041)—we held that
a creditor could not maintain an action to enforce this

liability after a receiver had been appointed to wind up the affairs of the corporation, even though the action was prosecuted on behalf of all of the creditors of the corporation, and the receiver was made a party defendant in the action; reversing a judgment entered in an action of that character, and directing its dismissal. But in neither of these cases did this court prescribe, or undertake to prescribe, what form of procedure was necessary in order to charge the stockholders upon their superadded liability created by the constitutional provision above quoted. On this question we went no farther than to hold that the action brought against the stockholders directly, whatever its form, must be prosecuted by the receiver in all cases where a receiver has been appointed to administer the assets of an insolvent banking corporation; and much less are the cases cited authority for the contention that the present action cannot be maintained.

· Passing, then, to the questions more directly before us, the first inquiry is, what effect shall be given to the order made by the court before which the insolvency proceedings were pending? It is the contention of the appellant that this order not only conclusively determined the amount necessary to be levied upon the stockholders as a whole to make up the deficiency between the assets of the bank and its liabilities, but that it also conclusively determined, against each of the stockholders personally served with notice of the proceeding, the amount for which each of such stockholders was liable; and consequently, in an action brought to enforce the assessment, the stockholder is estopped to question, not only the amount for which all of the stockholders are liable, but also his individual liability for the amount assessed against him. But, if this be true, it would seem there was little need for the present action. · To give the order the force

and effect here contended for, is to give it the force and effect of a judgment, and there could be no reason why an execution should not issue directly upon the order without the further intervention of the courts. Moreover, to so hold would necessitate overruling the case of *Shuey v. Holmes*. That case directly decided that the validity of this very order, so far as it purported to fix the amount of the liability of the individual stockholder, could be questioned by the stockholder in an action brought against him to enforce it. On the other hand, we cannot agree with the contention of the respondents that the order is absolutely void. It must be held determinative of everything that was properly before the court in that proceeding, and within its jurisdiction to determine. One of these questions was the amount of the difference between the liabilities of the insolvent corporation and the value of its assets. From the very nature of the proceeding, this must be so. The power conferred upon a superior court to take possession of the property of an insolvent corporation and wind up its affairs, is conferred upon it for the purpose of enabling it to distribute the property of the corporation among its lawful creditors. To carry out this purpose, it must, of necessity, determine the validity and amount of the respective claims of the creditors; and, when it applies the assets under its control to the satisfaction of these claims, the amount of the deficiency is *ipso facto* determined. But we do not think an order finding the amount of such deficiency is void because made before the actual application of the assets to the satisfaction of the claims of creditors. The exigencies of the matter before the court when administering upon an insolvent estate require it to exercise a wide discretion. Justice to the creditors demands that they should have the secondary, as well as the primary, assets made

available for the satisfaction of their claims, and justice
to the stockholders demands that the primary assets
should not be sacrificed by their too hasty conversion into
money.   The court is thus confronted with two distinct,
conflicting interests, each of which it is its duty to pro-
tect so far as lies within its power.   It should not delay
the settlement to such an extent as to render the second-
ary liability of no avail to the creditors, nor should it
act with such haste as to unnecessarily increase the bur-
den of the stockholders; and if, in its attempt to harmon-
ize these conflicting duties, it finds the amount of the
difference between the liabilities and the assets by deter-
mining the amount of the one and the value of the other,
rather than by the process of conversion and application,
its order in that respect will not be held void in a collateral
proceeding on the mere suggestion of irregularity, even
if it would be so held on a direct appeal from the order.
We therefore conclude that the order in question is valid
and binding on the stockholders of the bank, in so far as
it determines the amount which may be properly charged
to them as a whole upon their superadded liability.

Why, then, may not a stockholder be charged with his
individual share of this liability in an action brought
against him by the receiver under the direction of the court
having the insolvency proceedings before it?   The ar-
gument against it is rather one of policy than of strict le-
gal right.   It is said that it is extravagant and wasteful,
and that it was condemned for this reason by this court in
*Wilson v. Book, supra.*   In that case the court did say
that, inasmuch as this fund was a trust fund for the benefit
of all the creditors of the corporation, it could "be reached
only by a proceeding in equity for the benefit of such cred-
itors," and that, if the right of action was confined to
the receiver, the fund would "be subject to the control of

25-24 WASH.

the court in a single action, and unnecessary delay and expense prevented;" and it may have been contemplated that the superior courts would, when the necessity of resorting to this superadded liability was established, direct the receiver to proceed against all of the stockholders within the jurisdiction of the court in a single action, and in that action adjudge the *pro rata* share for which each stockholder was liable, and enter several judgments against each of them for the amount found to be chargeable against them respectively; but the case is not authority for the proposition that no other remedy could be pursued, or that separate actions could not be brought against the stockholders individually. Nor do we know of any legal reason why the stockholders may not be pursued separately. When they reside in different jurisdictions, this is the only way they can be reached; and, if it is to be held that they must all be sued jointly, it is, in effect, holding that in many instances they cannot be sued at all. Like many other of the questions that arise in the course of the administration of an insolvent estate, this question must be left to the sound discretion of the court having the insolvency proceeding before it.

Under this view of the law, the proofs submitted made a *prima facie* case, and the respondents should have been put upon their defense. Of course, the respondents may take issue upon these proofs. They may show, if they can, that they are not stockholders of the bank, or not stockholders for so large an amount as alleged; they may show a release, a payment, or, in fact any other defense personal to themselves, or either of them; they are estopped only from questioning such orders made by the court having the insolvency proceedings before it as were within its proper jurisdiction.

One other question remains to be noticed. It is urged

there is no community liability, and the judgment should be sustained as to the respondent Martha E. Adair. This question is determined against the respondents by the decisions of this court in *Horton v. Donohoe Kelly Banking Co.*, 15 Wash. 399 (46 Pac. 409), and *Allen v. Chambers,* 22 Wash. 304 (60 Pac. 1128), and it is unnecessary to repeat the argument here.

The judgment appealed from is reversed, and the cause remanded for a new trial.

REAVIS, C. J., and DUNBAR and ANDERS, JJ., concur.