[No. 9285.   Department One.   March 30, 1911.]

## JOHN A. PEACOCK *et al., Respondents,* v. L. L. RATLIFF *et al., Appellants.*[1]

WITNESSES—CROSS-EXAMINATION.  It is not error to refuse to require a witness on cross-examination to answer a question the second time, after having fully answered.

EVIDENCE—CONCLUSION OF WITNESSES—HUSBAND AND WIFE—COMMUNITY OBLIGATIONS.  In an action upon the admitted contract of a married man, it is not error to sustain an objection to a question as to whether the defendant had ever incurred an indebtedness for the benefit of the community, as the same is a mere conclusion of the witness.

HUSBAND AND WIFE—ACTIONS—INSTRUCTIONS—COMMUNITY DEBT—PRESUMPTIONS—CONTRACT FOR ATTORNEY'S FEES.  In an action against a husband and wife for attorney's fees, it is proper to instruct that if the contract was made by the husband and the services rendered the defendants were liable and that the contract was presumptively for the benefit of the community, which presumption would be conclusive if there was no evidence to overcome it.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 29, 1910, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract.  Affirmed.

*Robertson & Miller,* for appellants.

*Peacock & Ludden,* for respondents.

MOUNT, J.—The plaintiffs brought this action to recover against the defendants upon two alleged causes of action. The first was based upon an express contract, and the other was.

[1]Reported in 114 Pac. 507.

for the reasonable value of services rendered as attorneys, in addition to those embraced in the contract alleged in the first cause of action. The defendants, by answer, denied the allegations of the complaint. The case was tried by a court and a jury. Verdict was rendered in favor of the plaintiffs for the amount claimed. This appeal is prosecuted by the defendants from a judgment entered upon the verdict.

The appellants argue that the court erred in sustaining plaintiffs' objection to the following question:

. "Now, I will ask you the question that I asked before in a different way and see if you can answer it. Did you attend to seeing that the resolution of the board was adopted authorizing transfer of this contract to Mr. Ratliff?"

This question was asked of Mr. Ludden, one of the plaintiffs, by counsel for defendants, who was cross-examining the witness. The witness had already answered that he did not, and that he had nothing to do with the corporation referred to as "the board;" that his employment was by Mr. Ratliff personally. There was clearly no error in refusing to require the witness to again answer the question.

Appellants also argue that the court erred in sustaining an objection to the following question: "Did you ever incur any indebtedness of this nature for the benefit of the community of yourself and Mrs. Ratliff?" The plaintiff had called the defendant L. L. Ratliff originally to the stand, and asked him if he was married, and the name of his wife. Thereupon counsel for defendants asked him the question quoted. The answer was: "No, sir." Counsel for plaintiffs then said: "We object. He can state the facts if he wants to." This objection was sustained, which was clearly correct. The answer was simply the conclusion of the witness. The witness did not even deny making the contract, or that plaintiffs had performed the services.

The court instructed the jury as follows:

"Upon the first cause of action it is for you to determine from the evidence whether the contract was entered into be-

tween the defendant L. L. Ratliff and W. H. Ludden on behalf of the firm of Peacock & Ludden; and if you find that the contract was entered into, then you will next have to determine whether the services described in the contract were performed by the plaintiffs, and if you find that the contract was entered into and that the services were performed, then the plaintiffs should be entitled to a verdict upon that cause of action in the sum of $2,500 against the defendants, both of them."

"I will instruct you that, where a man is married, that any contract which he enters into involving a money transaction is presumptively for the benefit of the community; that is, presumptively for the benefit of himself and wife, and any indebtedness incurred in that way would be *prima facie* an indebtedness of the community. There is no question of law there because the defense has offered no evidence to show that this is not a community debt; hence, if you find that the contract was made and the services performed, your verdict will be for the plaintiffs in the sum of $2,500, and against both the defendants."

Appellants object to the first of these instructions, and say:

"This instruction tells the jury in so many words that, if they find there was a contract entered into and services performed under it, the plaintiffs were entitled to recover against both of the defendants."

What the court told the jury was, if they found that the contract had been entered into between the defendant Ratliff and the plaintiffs, and if the contract had been performed, then the plaintiffs should recover. The instruction means nothing else, and the jury were not misled. The instruction was correct. The second instruction is also the law. *Calhoun v. Leary*, 6 Wash. 17, 32 Pac. 1070; *Bryant v. Stetson & Post Mill Co.*, 13 Wash. 692, 43 Pac. 931.

The appellants make no point upon the form of the judgment. They do not claim that a separate judgment was entered against the wife, or a judgment which could be enforced against her separate property. But if such question may be raised, it is apparent from the whole record that the judgment rendered is one against the community only.

The verdict was right under the undisputed evidence, and there is no merit in any of the appellants' points, nor in this appeal. The judgment is therefore affirmed.

DUNBAR, C. J., and PARKER, J., concur.

FULLERTON, J. (concurring)—The instructions quoted in the majority opinion are erroneous, since they authorize a personal judgment against the wife on a community debt incurred by the husband. Inasmuch, however, as the appellant does not object to them on that ground, and does not complain of the fact that such a personal judgment was entered, I concur in the order of affirmance.

GOSE, J., concurs with FULLERTON, J.