[No. 11620.   Department One.   April 27, 1914.]

H. V. CLUMPNER, *Plaintiff*, v. SPOKANE-COLUMBIA RIVER RAILROAD AND NAVIGATION COMPANY, *Defendant*, B. C. MOSBY, *Receiver etc., Appellant*, FARMERS' & MECHANICS' BANK *et al., Respondents.*[1]

RECEIVERS—COMPENSATION AND ALLOWANCES—UNNECESSARY COSTS. Where a receiver, on final accounting, is allowed a liberal compensation, it is his duty to pay over the balance to the creditors, and he will not be allowed further compensation and costs upon prosecuting a groundless appeal to the supreme court solely in his own interests.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered April 8, 1913, denying further allowances to a receiver, after a hearing before the court. Affirmed.

*D. W. Henly* and *Harris Baldwin*, for appellant.

*Starkey & Belknap*, for respondents.

GOSE, J.—This is an appeal by the receiver from a judgment refusing him further compensation, and denying him his costs incurred on a former appeal.

The facts, in brief, are these:   The appellant receiver was appointed as such in the year 1906.   All property belonging

[1]Reported in 140 Pac. 365.

to the receivership was reduced to cash in the year 1908. A petition of the creditors for a final accounting and distribution was filed in March, 1911. Thereupon the receiver, in April, 1911, filed his final account, showing total receipts of $14,779.68, and total expenses, exclusive of the receiver's compensation, of $1,427.30. The receiver asked for $10,000 for his services and as attorney's fees. Exceptions were filed to his account and, upon the hearing, it was adjudged that the receiver "is hereby allowed the sum of $3,600 in full compensation for all services, including attorney's fees, . . .; and the said receiver is hereby ordered to disburse the remainder of the moneys in his hands [$5,594.47] to the creditors listed as preferred creditors." This judgment was entered on the 20th day of May, 1911. The receiver appealed to this court. In considering the appeal, we said:

"The only question presented is the compensation for receiver's and attorney's fees on final settlement of the receivership. The receiver was his own attorney. . . . After reading the record, we conclude that the allowance made was liberal and should not be disturbed." *In re Spokane-Columbia R. & Nav. Co.*, 70 Wash. 142, 126 Pac. 418.

After the remittitur was filed in the court below, and on the 4th of March, 1913, the receiver filed a supplemental account, showing expenses of $40 for two yearly premiums on the receiver's bond since the judgment of May 20, 1911, $32.70 for two years' annual license fee of the insolvent corporation since that date, and $102 for costs and expenses incident to the former appeal; and showing $383.33 received as interest from May 1, 1911, at four per cent upon $5,000 of the $5,594.47 in his possession and which he had been directed to pay to the creditors. In the supplemental account, the receiver asked for further compensation for administrative services in the sum of $60 per month from May 20, 1911, which he later reduced to $30 per month, and for professional services upon the former appeal. Certain of the creditors appeared and objected to the allowance of any

of these items, and also to the allowance of any further compensation to the receiver, and asked that he be required to account for interest on the full amount held by him, $5,594.47, from May 20, 1911, at six per cent.

The court allowed the items paid on the bond and paid to the secretary of state for the annual license fees of the insolvent corporation, and disallowed all the other items, including the receiver's demand for compensation and costs and expenses incident to the former appeal. The court also denied the claim of the creditors for interest in excess of the amount actually realized by the receiver. The court found that the receiver had rendered no services since the date of the former judgment which benefited the estate, other than the payment of the premiums on the bond and the annual license fees and the receipt of the interest as heretofore stated; that the appeal to the supreme court, and the motion for a rehearing which followed an adverse decision, were solely for the interest and benefit of the receiver personally, and were adverse to the interest of the estate and the creditors, and that the delay in disbursing the funds on hand was unreasonable.

The views reflected in the judgment of the trial court are so pregnant with common sense and, withal, so wholesome, that we unreservedly adopt them. A receiver is an officer of the court, appointed by the court, to conserve an estate. While the receiver is entitled to reasonable compensation for his services, he will not be allowed to continue the receivership to advance his own selfish interests. We found that the first allowance was liberal, and affirmed the judgment. Indeed, the allowance was so liberal that it was the imperative duty of the receiver to pay the money over to the creditors in obedience to the first order of the court. *Dalliba v. Winschell*, 11 Idaho 364, 82 Pac. 107, 114 Am. St. 267; *Burroughs v. Toxaway Co.*, 185 Fed. 435; *Wilkinson v. Washington Trust Co.*, 102 Fed. 28. In the *Burroughs* case, the court very aptly observed:

"A receiver as such is a mere officer of the court. In theory, at least, it matters naught to him how long the receivership shall last. He serves the court while the court wants his services. When the court reaches the conclusion that neither his services nor those of any other receiver are needed, that is the end of the matter so far as he is concerned."

In the *Wilkinson* case, it is said:

"Courts and their officers should be active and prompt to pay over to beneficiaries trust money, in their control, and receivers must not be permitted to prolong their possession of property by frivolous appeals or baseless claims."

The court dealt very kindly with the receiver when it allowed him the items of premiums on the bond and the license fees paid to the state, and in declining to charge him legal interest upon the full fund retained from the time of the entry of the first judgment. Both the trial court and this court had held that he had been amply compensated for both administrative and legal services. The first appeal was not prosecuted for the benefit of the estate, but for the benefit of the receiver only, and he had no reasonable grounds upon which to take the appeal. Since the entry of this order, he has rendered no administrative services which were of any value to the estate. The net result of those services is a charge of $72.72 for premiums on bond and license fees to the state, and four per cent interest realized on the larger part of the fund. The estate money should have been disbursed in obedience to the first judgment.

The judgment will be affirmed, and the costs of the action will be taxed to the receiver personally and his bondsmen.

CROW, C. J., ELLIS, and MAIN, JJ., concur.

CHADWICK, J. (concurring)—I concur in all that has been said by Judge Gose, and want to say, in addition to his argument, that the judgment of the lower court may be sustained by reference to a fundamental principle, that is, where a court fixes the compensation of a receiver and directs the

winding up of the receivership, the fee so fixed will be held, as a matter of law, to include the salary or fees of the receiver up to the time his work is done, in so far as it pertains to the subject-matter of the receivership then in the custody of the law and of the receiver. There is no showing in this case that any property came to the hands of the receiver other than that possessed by him at the time the original order was made and its earnings—earnings which would not have accumulated if he had distributed the fund as directed by the court.