[No. 17256. Department One. July 15, 1922.]

W. J. HENNING, *Respondent,* v. G. J. ANDERSON *et al., Appellants,* SAM THOMAS *et al., Defendants.*[1]

HUSBAND AND WIFE (82)—COMMUNITY PROPERTY—LIABILITY FOR DEBTS—NOTE OF HUSBAND. A stockholder's note given for the benefit of the corporation is the community debt of the stockholder and his wife; and it is immaterial that the same was given to the president of the corporation who absconded without applying the proceeds to the uses of the corporation for which it was intended.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered January 5, 1922, upon findings in favor of the plaintiff, in an action on a promissory note, tried to the court. Affirmed.

*J. W. A. Nichols,* for appellants.

*J. Charles Dennis* and *John M. Coffee,* for respondent.

[1]Reported in 207 Pac. 1048.

FULLERTON, J.—In the early part of the year 1921, one J. C. Steward was the president and manager of a corporation known as the Steward Food Products Company. The appellant G. J. Anderson was a stockholder in the corporation, holding shares of the par value of $500, which was the community property of himself and his wife. In February of the year named, Steward represented to Anderson, and to others of the stockholders in the corporation, that the corporation had many orders for its products which it could not fill for want of ready money, and that it was necessary to raise money for that purpose. Thereupon Anderson, together with two others of the stockholders, executed and delivered to Steward their promissory note, wherein they promised and agreed to pay to Steward $3,000, with interest at eight per cent per annum, three months after the date of the note. The note bore date of February 1, 1921. On February 23, 1921, Steward borrowed from the respondent, Henning, $1,100, giving his own promissory note therefor, endorsing and delivering to the respondent the first mentioned note as security. Steward did not apply the money so borrowed to the uses of the corporation, but seems to have absconded with this and other moneys raised in a similar manner. Steward's note was not paid at its maturity, and the respondent thereafter brought this action against the makers of the security note, together with their wives, claiming the obligation to be the obligation of the several makers and the community obligation of the several communities composed of the makers and their wives. He sought, however, to recover only the amount of his loan to Steward. Anderson and wife alone defended. They did not dispute the liability of Anderson upon the note, but contended that the liability was his separate obligation, not an obligation of the community. The trial court

ruled against the contention, and entered a judgment for the amount claimed to be due against Anderson as an individual, and against him and his wife as a community. From that part of the judgment holding the obligation to be a community obligation, Anderson and wife appeal.

This court has repeatedly held that a note given, or an obligation incurred, by a married man for the benefit of a corporation in which he is a stockholder is a community obligation, if the corporate stock is the property of the community. *Horton v. Donohoe-Kelly Banking Co.,* 15 Wash. 399, 46 Pac. 409, 47 Pac. 435; *Allen v. Chambers,* 22 Wash. 304, 60 Pac. 1128; *Shuey v. Adair,* 24 Wash. 378, 64 Pac. 536; *Floding v. Denholm,* 40 Wash. 463, 82 Pac. 738; *Bird v. Steele,* 74 Wash. 68, 132 Pac. 724; *Williams v. Hitchcock,* 86 Wash. 536, 150 Pac. 1143.

We have also held that the fact that no profit to the community resulted from the transaction is immaterial; that the test is, was the transaction carried on for the benefit of the community. *Clumpner v. Spokane-Columbia River R. & Nav. Co.,* 79 Wash. 278, 140 Pac. 365.

These principles, when applied to the facts in the present case, it seems to us, conclude the question against the appellants. It is not material that the note of the appellants was given to Steward instead of the corporation, nor is it material that the respondent loan was made directly to Steward. The controlling circumstance is found in the answer to the inquiry: For whose benefit did the appellant Anderson execute the note? His own testimony all but conclusively shows that he executed the note for the purpose of aiding the corporation in the prosecution of its business, and that he was induced so to do because of the fact that he was

a stockholder therein and believed that it would result to the benefit of the corporation, and thus incidentally to the benefit of the community composed of himself and wife. Undoubtedly, he was deceived because of the rascality of the man whom he trusted, but this fact does not change the nature of the transaction; it does not change a community obligation into a separate one.

The judgment is affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.