## In re LEVINSON.

### GREENE v. BOOTH et al.

(Circuit Court of Appeals. Ninth Circuit. October 20, 1924.)

No. 4279.

1. **Bankruptcy ⊂⇒152—Trustee on appointment becomes vested with title of bankrupt as of date of adjudication.**

Trustee on appointment becomes vested by operation of law with title of bankrupt, as of date of adjudication, to all property of bankrupt, except such as was exempt, under Bankruptcy Act, § 70a (Comp. St. § 9654).

2. **Bankruptcy ⊂⇒268, 331—Transfer of assets by trustee carried title to property not scheduled, inventoried, or appraised as against third persons; transferee held entitled to make claim.**

As against third persons, transfer of all assets of bankrupt by trustee carried with it title to property not scheduled, inventoried, or appraised, and transferee was authorized to make proof of claim transferred to him against estate of another bankrupt, subject to right of real party in interest to be substituted.

3. **Bankruptcy ⊂⇒336—Real party in interest may be substituted for claimant against estate.**

Where trustee in bankruptcy transferred assets of estate, including claim against another bankrupt, not scheduled, inventoried, or appraised, and transferee filed claim against other bankrupt, trustee, assuming transfer to be invalid as between transferee and first bankrupt estate, could claim benefit of transferee's act by substitution or amendment.

4. **Bankruptcy ⊂⇒336 — Special master, who was also referee, was authorized to allow substitution of parties or amendment to claim.**

Referee appointed special master to take testimony on objections to claim against estate, had authority to allow substitution of parties, or amendment of claim in his capacity as referee, if not as special master.

5. **Bankruptcy ⊂⇒467—Finding of special master that claim had not been paid, approved by District Court, conclusive on appeal.**

Finding of special master that claim had not been paid, supported by testimony and approved by District Court, is conclusive on appeal.

6. **Husband and wife ⊂⇒268(5) — Husband, signing notes for rental of premises occupied by corporation of which he was sole stockholder, bound community.**

Where notes for rental of premises occupied by corporation were executed in Washington by corporation and sole stockholder, and surety signed for benefit of latter, *held*, that sole stockholder acted for benefit of community, and surety, having paid notes, could recover from community estate.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

In the matter of the estate of Joseph Levinson, bankrupt. J. L. Booth, as trustee in bankruptcy of A. L. Brown, bankrupt, and others, filed claims. From the decree (297 F. 490) allowing a claim, William A. Green, as trustee, appeals. Affirmed.

Walter B. Allen, of Seattle, Wash., for appellant.

Hastings & Stedman, Bausman, Oldham & Eggerman, and Walter L. Nossaman, all of Seattle, Wash., for appellees.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

RUDKIN, Circuit Judge. Between July 16, 1914, and September 14, 1914, the Levinson Company, a corporation, Joseph Levinson, and A. L. Brown executed three promissory notes, aggregating $40,000, to three different banks in the city of Seattle. Levinson was the owner of all of the capital stock of the Levinson Company, and at his request and for his sole benefit Brown signed the notes as surety only. On various dates between December 11, 1914, and May 8, 1915, Brown paid the three notes, principal and interest, and took indorsements without recourse. On the 27th day of June, 1919, Levinson was adjudicated a bankrupt; both the Levinson Company and Brown having been so adjudicated some time previously. C. D. Clinton was appointed trustee of the Brown estate, and acted as such until the 8th day of December, 1919, when a meeting of creditors was called to consider the question of the sale of the remaining assets. At that meeting Clinton resigned as trustee' in order that he might become a bidder at the sale, and Frank D. Hill was appointed trustee in his place and stead. On the 20th day of December, 1919, Clinton received a bill of sale from the trustee of the Brown estate, describing the property purchased as all the right, title, and interest of the trustee and the bankrupt in and to all of the personal property of every nature, kind, and description, wherever located, including all accounts and bills receivable, and all choses in action, claims, and demands which the grantor, as trustee, did or might own.

The claim of Brown, arising out of the payment of the three notes in question, did not appear in the schedules filed in his bankruptcy proceeding, nor did it appear in the inventory or appraisement. Clinton had knowledge of the claim while acting as trustee, but failed to give notice thereof to either the referee or the creditors of the estate. On May 27, 1920, Clinton filed his proof of claim against the Levinson estate, based on the payment of the above promissory notes by Brown and his own purchase from the trustee of the Brown estate. An amended proof of claim was filed later, but that fact is not deemed material.

The proof of claim was contested by the wife of Levinson, the bankrupt, on the grounds that Clinton was not the owner, that the claim had already been paid, and that in any event the claim was not a proper charge against the community estate of the bankrupt and his wife. The trustee of the Amos Brown estate also filed a claim in the sum of $12,000. This claim was contested by the wife of the bankrupt on the last-mentioned ground only. The referee in bankruptcy was thereupon appointed a special master to take testimony in the matter of the objections thus filed and report his findings and conclusions to the court.

Before the close of the hearing before the special master, one Booth, who in the meantime had become trustee of the Brown estate, asked leave to intervene, claiming to be the beneficial owner of the claim filed by Clinton, and later asked to be substituted in the place of Clinton for the same reason. The special master found the facts substantially as above, but disallowed the claim of Clinton, and likewise denied the prayer for substitution. The court below approved the findings of the special master, but granted the prayer for substitution, and allowed both claims against the community estate of the bankrupt and his wife. In re Levinson, 297 F. 490. From the decree thus entered the trustee of the Levinson estate has appealed. The assignments of error in general are: First, that the court erred in allowing the substitution; second, that the court erred in finding that the claim of the trustee of the Brown estate had not been paid; and, third, that the court erred in allowing the claims against the community estate of the bankrupt and his wife.

[1-3] 1. We are not now concerned with a case where an entire stranger to a claim or cause of action has filed a claim in bankruptcy or commenced an action at law thereon, and an attempt is made to bring in the real party in interest, by substitution or otherwise, after the time for filing claims has expired, or after the statute of limitations has run. Here the bill of sale from the trustee of the Brown estate to Clinton transferred and included all the right, title, and interest of the trustee and the bankrupt in and to all personal property, of every nature, kind, and description, wherever located, including all accounts and bills receivable, and all choses in action, claims, and demands which the trustee of the bankrupt did or might own. Upon the appointment of the trustee he became vested by operation of law with the title of the bankrupt, as of the date

of adjudication, to all property of the bankrupt, except such as was exempt. Bankruptcy Act, § 70a (Comp. St. § 9654). The title to the claim in controversy therefore became vested in the trustee of the bankrupt by operation of law, and that title passed by the bill of sale to Clinton. As to third persons, the fact that the property was not scheduled, inventoried, or appraised does not change the result. Whether the transfer thus made was voidable as between the trustee of the Brown estate and the purchaser we need not inquire, because the court below determined that question in favor of the former, and from that part of the decree there has been no appeal. Clinton, as owner, was authorized to make proof of the claim against the estate, and, being so authorized, the real party in interest might claim the benefit of his act by substitution or other appropriate proceeding. The right of substitution or amendment in such cases is fully recognized by the authorities. McDonald v. State of Nebraska, 101 F. 171, 41 C. C. A. 278; In re Roeber, 127 F. 122, 62 C. C. A. 122; In re McCarthy Portable Elevator Co. (D. C.) 205 F. 986; In re A. J. Ellis, Inc., 252 F. 483, 164 C. C. A. 399; In re Patterson-MacDonald Shipbuilding Co. (C. C. A.) 293 F. 190.

[4] It is earnestly contended that the special master was without authority to allow a substitution of parties or an amendment of the claim, but that question is not deemed material. The special master was referee, as well as special master, and in the former capacity, at least, had such authority. Furthermore, the substitution was in fact allowed by the court, and not by the special master.

[5] 2. The finding of the special master that the claim in favor of the Brown estate had not been paid is amply supported by the testimony. Such a finding, approved by the District Court, is conclusive here.

[6] 3. The notes to the Amos Brown estate were given by Levinson for rental of the premises occupied by the Levinson Company, of which he was sole stockholder. The notes signed by Brown as surety were executed by the Levinson Company and by Levinson, the sole stockholder. Brown signed the notes at the instance and for the benefit of the latter, and it is settled by a long line of decisions in the state court that a husband, thus acting, acts for the benefit of the community, and obligations incurred by him while so acting are obligations of the community. Horton v. Donohoe Kelly Banking Co., 15 Wash. 399, 46 P. 409, 47

P. 435; Shuey v. Holmes, 22 Wash. 193, 60 P. 402; Shuey v. Adair, 24 Wash. 378, 64 P. 536; Johns v. Clother, 78 Wash. 602, 139 P. 755; Way v. Lyric Theater Co., 79 Wash. 275, 140 P. 320; Union Securities Co. v. Smith, 93 Wash. 115, 160 P. 304, Ann. Cas. 1918E, 710; Kuhn v. Groll, 118 Wash. 285, 203 P. 44; Henning v. Anderson, 121 Wash. 53, 207 P. 1048.

We find no error in the record, and the decree of the court below is affirmed.