### COWDEN et ux. v. KARSHNER.

Circuit Court of Appeals, Ninth Circuit.
March 19, 1928.

No. 5327.

1. Corporations ⚖116, 120—Sum paid for stock held sufficient consideration for purchase, and for seller's agreement to repurchase.

Sum paid for stock by buyer at time of purchase *held* to constitute sufficient consideration for such purchase, and for agreement for repurchase thereof, by seller, in case of dissatisfaction.

2. Corporations ⚖120—Seller's agreement to repurchase stock held sufficient consideration for subsequent agreement postponing date for repurchase.

An agreement by seller, at time of sale of stock, to repurchase such stock in case of buyer's dissatisfaction, constituted sufficient consideration for subsequent agreement postponing date for repurchase.

3. Corporations ⚖121(5)—Evidence held to justify finding that notice of dissatisfaction with investment was mailed as required under contract for repurchase of stock.

In action to recover under agreement for repurchase of stock in case of dissatisfaction with investment, evidence *held* to justify finding that notice of dissatisfaction with investment was mailed as required by terms of contract, regardless of question of sufficiency of notice to produce original notice, or of competency of secondary evidence offered.

4. Husband and wife ⚖268(1)—Seller's obligation under agreement to repurchase stock sold on his own account or on account of corporation held community obligation.

Obligation of seller, under agreement for repurchase of stock sold, either on account of himself or on account of corporation in which he was interested as officer and stockholder, *held* to constitute an obligation of community.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by J. B. Karshner against H. D. Cowden and wife. Judgment for plaintiff, and defendants bring error. Affirmed.

C. A. Riddle and James Kiefer, both of Seattle, Wash., for plaintiffs in error.

W. J. Murphy, of Aberdeen, Wash., for defendant in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment based on special findings of fact in an action tried by the court below without a jury. The special findings are in substance that, at all times mentioned therein, the two defendants were husband and wife; that on April 13, 1922, the defendant H. D. Cowden was president and a stockholder of the Dome Gold Corporation, organized and existing under and by virtue of the laws of the state of Washington; that on that date said defendant was engaged in selling stock in the corporation for the purpose of raising money for the benefit of the corporation; that at Aberdeen, Wash., the plaintiff purchased from and through said defendant 15,000 shares of the common stock of the corporation at an agreed price of $5,000, which sum the plaintiff then paid to said defendant; that as an inducement, and as part consideration for the purchase of the stock by the plaintiff, said defendant promised and agreed in writing that, in case the plaintiff was not satisfied with his investment, and would so notify said defendant before November 1, 1923, said defendant would repurchase the stock from the plaintiff on 'or before December 1, 1923, for the sum of $6,000; that on August 1, 1923, the plaintiff notified said defendant that he was not satisfied with his investment, and demanded that said defendant repurchase the stock for the sum of $6,000 in accordance with their agreement; that at that time said defendant asked for further time, and a second agreement was thereupon entered into, wherein and whereby said defendant agreed to repurchase the stock on or before December 1, 1924, for the sum of $6,000, upon notice in writing, by registered mail, on or before November 1, 1924; that during the month of October, 1924, the plaintiff, being dissatisfied with his purchase, gave notice to said defendant in writing, by registered mail, to the effect that he was not satisfied with the investment, in accordance with the terms of said last-mentioned contract, and tendered the stock to said defendant, and demanded payment of the sum of $6,000; that the plaintiff has at all times complied with the terms and conditions of the agreement, and is ready, willing, and able to perform the contract on his part, and that the defendants have at all times refused to comply with the contract on their part. It is next found that said agreements were made by H. D. Cowden, as agent for and representative of the marital community composed of H. D. Cowden and Alma R. Cowden, his wife; that said sale of stock was for the benefit of said marital community, and that all the acts of said H. D. Cowden, and his failure and refusal to carry out and perform the contract, were acquiesced in and ratified by his wife, Alma R. Cowden. Then follows a finding that the defendants were nonresidents of the state of Washington, and residents of the state of New York, and were the owners of certain described real property in Snohomish county, Washington.

For convenience we will refer to the parties here as they are designated in the findings of the court below. Three or four days before the trial the plaintiff served a written notice on counsel for the defendants, requiring them to produce at the trial the notice sent by registered mail, as set forth in the findings, but the notice was not produced as requested, and the court admitted secondary evidence of its contents.

On the foregoing facts, the defendants contend, first, that there was no consideration for the contract to repurchase the stock; second, that the notice to produce was not timely given, and the court erred in admitting secondary evidence of the contents of the notice mailed; and, third, that the court erred in finding that the contract to repurchase was a community obligation of the two defendants.

[1, 2] 1. The $5,000 paid by the plaintiff was ample consideration for the purchase of the stock and the agreement to repurchase, and the first agreement to repurchase was ample consideration for the second. Raiche v. Morrison, 37 Mont. 244, 95 P. 1061.

[3] 2. The return receipt for the registered package, or article, signed by the defendant H. D. Cowden, was mailed at Brooklyn, N. Y., October 24, 1924. Four days later, October 28, 1924, Cowden addressed a letter to the plaintiff, referring to a communication, or letter, received by him from the plaintiff a few days before. In his letter Cowden referred also to his agreement with the plaintiff, assured plaintiff that he would repay, with interest, and asked the plaintiff not to press his claim. Under date of September 17, 1925, Cowden again assured the plaintiff that he would make good to him, as soon as he had made good on another contract, stating further that he had answered every communication received from the plaintiff,

and that he had informed the plaintiff over and over again that he considered the obligation a legal and a moral one, and was sure to meet it. When his deposition was taken in 1927, the only defense suggested was a want of consideration for the contract to repurchase the stock. No claim was then made that notice had not been mailed or received, as required by the terms of the contract. Under such circumstances, we think the finding that the notice was mailed as required by the terms of the contract was justified, regardless of the question of the sufficiency of the notice to produce, or of the competency of the secondary evidence offered.

[4] 3. The claim that the contract to repurchase was not a community obligation is based on the further claim that, in selling the stock to the plaintiff, the defendant H. D. Cowden was acting merely for the accommodation of the beneficiaries of the estate of John Steele, and was not acting either for himself or for the corporation of which he was an officer and stockholder. The chief difficulty with this contention is that it finds little support in the testimony. Cowden testified that he so informed the plaintiff at the time of the sale of the stock, but the testimony on the part of the plaintiff was to the contrary, and we find no further reference to this claim throughout the correspondence between the parties, until the depositions were taken in 1927. If Cowden was selling the stock merely as a matter of accommodation for others, it seems somewhat strange that he should obligate himself to repurchase the stock at an advance of $1,000, especially in view of the fact that he claimed no authority from his principals to execute such a contract.

The books and records of the corporation were offered in evidence in support of this claim, but they in no wise aid the defendants. The stock books show that the shares sold to the plaintiff were issued on account of the Steele estate, but they also show that numerous other shares were issued on the same account, many of which were sold at Aberdeen at or about the time the sale was made to the plaintiff. The stock books show further that a certificate for 223,350 shares was issued to the Steele widow, first as trustee, and later as administratrix, and the court records offered in evidence show that an order was made by the superior court of King county, Washington, authorizing the sale of this number of shares belonging to the Steele estate to one Lee Steele on the same day the certificate was issued to the plaintiff. A later record of a stockholders' meeting again shows that the estate was still represented by the same number of shares. It will thus be seen that the stock books and records show the same number of shares standing in the name of the Steele estate for a considerable period of time, and they also show that a large number of shares, or certificates, were issued on account of the estate in the meantime. Under such circumstances it is not at all surprising that the court below found that the original stock was sold either on account of the plaintiff himself, or on account of the corporation in which he was interested as officer and stockholder, and in either view the rule is well settled that the obligation incurred was an obligation of the community. Henning v. Anderson, 121 Wash. 53, 207 P. 1048, and cases cited.

The remaining assignments of error call for no comment.

The judgment is affirmed.